

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

___

*970 Broad Street, 7th floor*     973-645-2700
*Newark, New Jersey 07102*

CYZ/PL AGR
2022R01062

April 28, 2025

Raquel R. Rivera
Porzio, Bromberg & Newman
100 Southgate Parkway P.O. Box 1997
Morristown, NJ 07962-1997
RRRivera@pbnlaw.com

      Re:   <u>Plea Agreement with Eddie Tyree James White</u>

Dear Counsel:

    This letter sets forth the plea agreement between your client, Eddie Tyree James White ("White"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on April 14, 2025, if it is not accepted in writing by that date. If White does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from White to a Three-Count Information, which charges White with (1) on or about November 28, 2022, robbery of mail, money, or other property of the United States, in violation of Title 18, United States Code, Section 2114(a) (Count One); (2) on or about November 28, 2022, theft of a postal key, in violation of Title 18, United States Code, Section 1704 (Count Two); and (3) between in and around December 2022 and November 2023, theft of mail, in violation of Title 18, United States Code, Section 1708 (Count Three). If White enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against White related to his robbery of a postal key on or about November 28, 2022, or theft of mail by means of the stolen postal key between December 2022 and November 2023.

    But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and

initiate any other charges against White even if the applicable statute of limitations period for those charges expires after White signs this agreement, and White agrees not to assert that any such charges are time-barred.

Sentencing

The violation of Title 18, United States Code, Section 2114(a), to which White agrees to plead guilty in Count One of the Information, carries a statutory maximum prison sentence of 10 years.  The violation of Title 18, United States Code, Section 1704, to which White agrees to plead guilty in Count Two of the Information, carries a statutory maximum prison sentence of 10 years.  The violation of Title 18, United States Code, Section 1708, to which White agrees to plead guilty in in Count Three of the Information, carries a statutory maximum prison sentence of 5 years.  Counts One through Three each carry a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  The prison sentence on Counts One through Three may run consecutively to any prison sentence White is serving or is ordered to serve.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon White is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  Those Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence White ultimately will receive.

Further, in addition to imposing any other penalty on White, the sentencing judge as part of the sentence:

(1) will order White to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order White to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461

(4) pursuant to 18 U.S.C. § 3583 may require White to serve a term of supervised release of not more than 3 years per count, which will begin at the expiration of any term of imprisonment imposed. Should White be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, White may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, White agrees to pay full restitution to the victims of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses.

Forfeiture

As part of White's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), White agrees to forfeit to the United States all of right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds White obtained that are traceable to the offenses charged in Counts Two and Three of the Information. White further acknowledges that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant (the "Money Judgment"). White consents to the entry of an order requiring White to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to White prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Bank Integrity, Money Laundering, and Recovery Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Defendant further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with

regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

White waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. White understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise White of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. White waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. White further understands that White has no right to demand that any forfeiture of White's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon White in addition to forfeiture.

White further agrees that, not later than the date White enters a guilty plea, White will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If White fails to do so, or if this Office determines that White has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on White by the sentencing judge.  This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of White's activities and relevant conduct with respect to this case.

Stipulations

This Office and White will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement.  Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations.  Nor do these stipulations restrict

the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and White waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

White understands that, if White is not a citizen of the United States, White's guilty plea to the charged offenses will likely result in White being subject to immigration proceedings and removed from the United States by making White deportable, excludable, or inadmissible, or ending White's naturalization. White understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. White wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause White's removal from the United States. White understands that White is bound by this guilty plea regardless of any immigration consequences. Accordingly, White waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. White also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against White. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude White from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between White and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

        Very truly yours,

        ALINA HABBA
        UNITED STATES ATTORNEY

By:    Chana Y. Zuckier
       Assistant U.S. Attorney

APPROVED:

Christopher Amore
Chief, Bank Integrity/Money Laundering & Recovery Unit

I have received this letter from my attorney, Raquel R. Rivera, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 4/28/25
Eddie Tyree James White

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date:   April 28, 2025
Raquel R. Rivera, Esq.
Counsel for Defendant

Plea Agreement With Eddie Tyree James White ("White")

Schedule A

1. This Office and White agree to stipulate to the following facts:

   a. On or about November 28, 2022, White intentionally robbed a United State Postal Service ("USPS") carrier (the "Victim Carrier") of a postal key (the "Key") used for authorized USPS mail receptacles. The key was the property of the USPS that was then in the lawful custody and control of the Victim Carrier.

   b. White took the Key against the Victim Carrier's will by means of intimidation.

   c. Between in and around December 2022 and November 2023, White used the Key to knowingly steal mail matter from authorized depositories for mail matter, including blue USPS collection mailboxes. White opened the stolen mail matter and obtained numerous checks and money orders.

   d. White maintained a group chat (the "Group Chat") on an encrypted application in which he purchased and sold counterfeit checks and marketed his services teaching others how to counterfeit checks.

   e. White attempted to sell numerous stolen checks over the encrypted messaging application, including through the Group Chat he maintained.

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

4. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ, or motion not barred by preceding paragraph.